O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIA PRICE, | ) | Case No. EDCV 10-0971-DTB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REVERSING DECISION OF |
| vs. | ) | COMMISSIONER AND REMANDING |
| | ) | FOR FURTHER ADMINISTRATIVE |
| MICHAEL J. ASTRUE, | ) | PROCEEDINGS |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed a Complaint on July 7, 2010, seeking review of the Commissioner's denial of her application for Supplemental Security Income Benefits under Title XVI of the Social Security Act. In accordance with the Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on March 10, 2011. Thus, this matter now is ready for decision.[1]

/ / /

/ / /

/ / /

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

1. Whether the ALJ properly relied on the Medical-Vocational Guidelines ("Grids") instead of eliciting testimony from a vocational expert ("VE"). (Jt. Stip. 3.)

2. Whether the Administrative Law Judge ("ALJ") properly considered the medical evidence as contained in the State agency consultant's opinion. (Jt. Stip. 8.)

3. Whether the ALJ properly determined the plaintiff's residual functional capacity ("RFC"). (Jt. Stip. 15.)

**DISCUSSION**

**I. Reversal is warranted based on the ALJ's mechanical application of the Grids**

Plaintiff asserts that the ALJ erroneously relied on the Grids and failed to obtain VE testimony regarding her ability to perform jobs that exist in significant numbers in the national economy in light of her significant non-exertional limitations. (Jt. Stip. 4.) Plaintiff maintains that these limitations "have significant vocational ramifications and are very likely to erode the job base" and, consequently, affect plaintiff's ability to successfully perform jobs in the national economy. (Jt. Stip. 4-5.) The Court concurs with plaintiff.

The ALJ bears the burden of demonstrating that plaintiff is not disabled because she can perform other substantial gainful work in significant numbers in the national economy. 20 C.F.R. § 416.920; Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006) (as amended). "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) [B]y the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Lounsburry, 468 F.3d at 1114. Where a claimant suffers only from exertional limitations, the ALJ must apply the Grids, which will direct a finding of disabled or not disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 200.00(a); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir.

1989). The Grids, however, may be used in lieu of taking VE testimony only where they "completely and accurately represent a claimant's limitations." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999); see Lounsburry, 468 F.3d at 1115 (quoting Tackett, 180 F.3d at 1103); Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985). When they do not completely describe the claimant's abilities and limitations, the Grids are inapplicable and the ALJ must elicit the testimony of a VE. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988.) Examples of non-exertional limitations where use of the Grids may be inappropriate include, *inter alia*, poor vision, see Tackett, 180 F.3d at 1101-02; pain, see also Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); and "mental, sensory, postural, manipulative, or environmental (e.g., inability to tolerate dust or fumes) limitations." Burkhart, 856 F.2d at 1340-41 (quoting Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 579 (9th Cir. 1988)). Similarly, if a claimant has non-exertional limitations that "significantly limit" her range of work, the use of the Grids in determining disability is inappropriate and VE testimony must be taken. Tackett, 180 F.3d at 1102; see also Burkhart, 856 F.2d at 1340 ("When a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations, the grids are inapplicable.") (internal quotations omitted). However, the ALJ may rely on the Grids even when a claimant has combined exertional and non-exertional limitations if the non-exertional limitations are not sufficiently severe so as to impact the range of work permitted by the claimant's exertional capabilities. See Hoopai v. Astrue, 499 F.3d 1071, 1075-76 (9th Cir. 2007).

The ALJ found that plaintiff has the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: [M]ild limitation of daily activities, mild to moderate difficulties in social functioning and in the ability to maintain concentration, persistence or pace, and preclusion from work requiring acute hearing." (AR 12.) Thus, he found that plaintiff had no exertional limitations but multiple mild and moderate non-exertional limitations. The ALJ concluded that "there are jobs that exist in significant numbers in the national economy that plaintiff can

perform" based on her age, education, work experience and RFC and that plaintiff "can easily perform jobs such as maid, hospital or industrial cleaner, assembler, packer or bundler." (AR 14-15.) The ALJ consequently found that plaintiff is "not disabled" under the framework of the Grids. (AR 15.) In so concluding, however, the ALJ failed to account for the moderate limitations in understanding and memory, sustained concentration and persistence and social interaction that Dr. Gregg found to exist and subsequent conclusion that plaintiff is limited to "performing simple repetitive tasks in a non-public setting." (AR 245-47). Moreover, the ALJ failed to account for Dr. Goral's conclusion that plaintiff must "avoid jobs in which acute hearing is necessary [in order] to avoid hazardous situations." (AR 224).

Given these significant non-exertional limitations, it was improper for the ALJ to rely solely on the Grids. Although the ALJ acknowledged "claimant's ability to perform work at all exertional levels has been compromised by non-exertional limitations," he failed to explain why the Grids mandate that plaintiff be found "not disabled" in light of such limitations. (AR 15.) This constitutes error. See Jones, 760 F.2d at 998. Since the ALJ neither elicited testimony from a VE nor adequately explained how these limitations "have little or no effect on the occupational base of unskilled work at all exertional levels," the ALJ has not met his burden. (AR 15.) The Court concurs with plaintiff that the ALJ erred by basing his nondisability determination on a mechanical application of the Grids without taking testimony from a VE to determine whether plaintiff could perform the work. See Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988) ("[W]here, as here, a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of the vocational expert is required to identify specific jobs within th claimant's abilities.") (citation omitted); see also Cooper, 880 F.2d at 1155; Burkhart, 856 F.2d at 1340; Cuevas v. Apfel, 1999 WL 76789, *4 (N.D. Cal.); Wilson v. Chater, 1996 WL 400974, *3 (N.D. Cal.).

///

///

**II.   Reversal is warranted based on the ALJ's failure to properly consider the medical evidence as contained in the State agency consultant's opinion.**

Plaintiff asserts that the ALJ failed to properly consider the opinion of State agency consultant Kevan D. Gregg, M.D. (Jt. Stip. 9.) Specifically, plaintiff asserts that the ALJ failed to consider Dr. Gregg's conclusion that plaintiff is capable of performing simple repetitive tasks in a non-public setting and did not state whether he accepted or rejected Dr. Gregg's opined limitations for plaintiff. (Jt. Stip. 9-10.) plaintiff also maintains that the ALJ erred by not explaining the weight he afforded to Dr. Gregg's opinion. (Jt. Stip 12.)

In evaluating medical opinions, the Ninth Circuit distinguishes among three types of physicians: (1) Treating physicians (who examine and treat), (2) examining physicians (who examine but do not treat), and (3) non-examining physicians (who neither examine or treat). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). Generally, the opinion of a treating physician is given more weight than the opinion of a non-treating physician. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). The regulations state that the ALJ is not bound by the findings made by a State agency medical or psychological consultant. 20 C.F.R. § 416.927(f)(2)(i). However, because these agency consultants are highly qualified and are also experts in Social Security disability, the regulations provide that the ALJ must consider the findings from a State agency consultant. Id. In addition, the ALJ must explain the weight given to the State agency physician's opinion in his opinion, as the ALJ must do for the opinion of a treating or nontreating source, unless the treating physician's opinion is given controlling weight. 20 C.F.R. § 416.927(f)(2)(ii). Social Security Ruling[2] ("SSR") 96-6p also provides that

---

[2] The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are

the ALJ must treat the findings of fact made by a State agency physician as "expert opinion evidence." SSR 96-6p, 1996 WL 374180, at * 1.

On August 29, 2006, Dr. Gregg completed a "Psychiatric Review Technique" and "Mental Residual Functional Capacity Assessment" of plaintiff. (AR 234-47.) Dr. Gregg opined that plaintiff had moderate difficulties in the areas of understanding and memory, sustained concentration and persistence, and social interaction. (AR 245-46.) Specifically, Dr. Gregg found that plaintiff was moderately limited in the ability to understand, remember and carry out detailed instructions, to work in coordination or proximity to others without being distracted by them, to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Id.) Dr. Gregg concluded that plaintiff was capable of performing simple repetitive tasks in a non-public setting. (AR 247.)

The Court concludes that the ALJ did not adequately address or reject Dr. Gregg's opinion. While the ALJ acknowledged certain aspects of his objective findings, even noting that Dr. Gregg concluded that plaintiff had some moderate limitations, the ALJ's RFC assessment did not account for all of the limitations imposed by Dr. Gregg. (See AR 12-13.) While the ALJ is not bound by the findings made by a State agency physician, he may not ignore the opinion and must explain the weight given to the opinion in his decision. See SSR 96-6p, 1996 WL 374180, at *1; 20 C.F.R. § 416.927(f). Here, the ALJ did not explain the weight he afforded to Dr. Gregg's opinion, particularly with respect to the physician's findings that plaintiff was moderately limited in understanding and memory and in her ability to maintain sustained concentration and persistence. (See AR12-13.) The ALJ's RFC assessment did not include any functional

---

inconsistent with the statute or regulations." Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

limitations with regard to plaintiff's inability to work in proximity or coordination with others without being distracted by them or to get along with coworkers or peers without exhibiting behavioral extremes, and he concluded that plaintiff only had "mild to moderate difficulties in social functioning and in the ability to maintain concentration, persistence or pace . . . ." (AR 12.)  This finding seems to be less restrictive than the physician's conclusion, but the ALJ did not explain whether he rejected this opinion nor the weight he afforded to the opinion.  Furthermore, the ALJ did not acknowledge, let alone include in his RFC assessment, Dr. Gregg's conclusion that plaintiff could only perform simple repetitive tasks in a non-public setting.  (Id.)  In his explanation of his RFC, the ALJ states that plaintiff's limitations "would not precluded [sic] unskilled, entry-level work at any exertional level;" however, he does not provide any explanation for this finding and did not include the words "unskilled" or "entry-level" within the RFC assessment itself.  (See AR 12, 14.)

As such, the ALJ apparently implicitly rejected Dr. Gregg's findings.  This constitutes error.  See SSR 96-6p, 1996 WL 374180, at *1; 20 C.F.R. §416.927(f).  The ALJ's failure to expressly explain why he apparently rejected this opinion prevents meaningful judicial review, and thus, requires remand so that the ALJ can properly consider Dr. Gregg's findings.  See Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981) ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.") (internal citation omitted); see also Navarro v. Astrue, No. CV 10-217-PLA, 2010 WL 5313439, at *4 (C.D. Cal. Dec. 16, 2010) (ALJ erred by implicitly rejecting non-examining physician's opinion without providing reasons for doing so).

The Commissioner implicitly concedes that the ALJ did not specifically discuss Dr. Gregg's conclusion that plaintiff could perform simple repetitive tasks in a non-public setting.  (See Jt. Stip. 13.)  The Commissioner also apparently does not dispute

that Dr. Gregg was competent to render the opinions reflected in his reports. To the extent that the Commissioner relies on Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984) (per curiam) for the proposition that it was not error for the ALJ to disregard without comment on this evaluation, the Court finds that the Commissioner's reliance is misplaced. Vincent merely stands for the proposition that the ALJ need not discuss all the evidence that has been presented, but the ALJ "must explain why 'significant probative evidence has been rejected.'" Id. at 1394-95 (citation omitted). Vincent does not stand for the proposition that the ALJ may properly disregard without comment significant and probative evidence from a person who is competent to provide it. See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). While certain aspects of Dr. Gregg's findings may be considered cumulative of other evidence, these findings were not already incorporated into the ALJ's RFC assessment, *i.e.*, the ALJ did not find plaintiff limited to simple repetitive tasks in a non-public setting nor did he provide reasons for rejecting Dr. Gregg's opinion that plaintiff was so limited. (See AR 12-14.)

Under the circumstances, Dr. Gregg's findings were significant and contained probative evidence that should have been considered. Accordingly, the action must be remanded to allow the ALJ to properly consider Dr. Gregg's findings.

**III.   The ALJ must reconsider his RFC assessment.**

The Court concurs with plaintiff that the ALJ's assessment of plaintiff's RFC cannot be reconciled with Dr. Gregg's opinion, that plaintiff's moderate impairments precluded her from working in a field requiring other than simple repetitive tasks in a non-public setting. As discussed, this opinion, along with Dr. Gregg's other opined limitations for plaintiff, were not adequately accounted for in the RFC assessment. Since the ALJ did not properly consider or reject Dr. Gregg's findings, the ALJ's RFC assessment also is defective. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009); see also SSR 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment

conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Remand is warranted for the ALJ to reconsider plaintiff's RFC once Dr. Gregg's findings have been fully evaluated as set forth herein, including his finding that plaintiff is limited to performing simple repetitive tasks in a non-public setting and is moderately limited in several areas related to understanding and memory and social interaction. Since remand is necessary to reconsider the RFC determination based on the ALJ's failure to consider Dr. Gregg's findings, it is unnecessary for the Court to address plaintiff's specific contentions regarding this issue.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (as amended); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (per curiam) (as amended).

This is not an instance where no useful purpose would be served by further administrative proceedings or where the record has been fully developed. Rather, this is an instance where additional administrative proceedings could remedy the defects in the ALJ's decision.

/ / /

/ / /

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: October 4, 2011

*/s/ David T. Bristow*

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.